1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7   ASHLEY L.,

8                              Plaintiff,

9          v.

10  ANDREW M. SAUL, Commissioner
    of Social Security,

11                             Defendant.

12

NO. 2:20-CV-0077-TOR

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

13      BEFORE THE COURT are the parties' cross-motions for summary

14  judgment (ECF Nos. 11-12).  This matter was submitted for consideration without

15  oral argument.  The Court has reviewed the administrative record and the parties'

16  completed briefing, and is fully informed.  For the reasons discussed below, the

17  Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

18                            **JURISDICTION**

19      The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: The Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.*  An "error is harmless where it is 'inconsequential to the ultimate nondisability determination.'"  *Id.* at

1115 (citation omitted).  The party appealing the ALJ's decision generally bears

the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

409-10 (2009).

**FIVE STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be unable "to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12

months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

impairment must be "of such severity that [he or she] is not only unable to do [his

or her] previous work[,] but cannot, considering [his or her] age, education, and

work experience, engage in any other kind of substantial gainful work which exists

in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner established a five-step sequential analysis to determine

whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-

(v).  At step one, the Commissioner considers the claimant's work activity.  20

C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful

activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R.

§ 416.920(b).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    If the claimant is not engaged in substantial gainful activities, the analysis

2    proceeds to step two.  At this step, the Commissioner considers the severity of the

3    claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

4    "any impairment or combination of impairments which significantly limits [his or

5    her] physical or mental ability to do basic work activities," the analysis proceeds to

6    step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

7    this severity threshold, however, the Commissioner must find that the claimant is

8    not disabled.  *Id*.

9    At step three, the Commissioner compares the claimant's impairment to

10   several impairments recognized by the Commissioner to be so severe as to

11   preclude a person from engaging in substantial gainful activity.  20 C.F.R.

12   § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

13   enumerated impairments, the Commissioner must find the claimant disabled and

14   award benefits.  20 C.F.R. § 416.920(d).

15   If the severity of the claimant's impairment does meet or exceed the severity

16   of the enumerated impairments, the Commissioner must pause to assess the

17   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

18   defined generally as the claimant's ability to perform physical and mental work

19   activities on a sustained basis despite his or her limitations (20 C.F.R.

20   § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On April 10, 2017, Plaintiff filed applications for Title II period of disability and disability insurance benefits and Title XVI supplemental security income benefits. Tr. 16. The applications were denied initially, Tr. 166-169, and on reconsideration, Tr. 175-178. Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on March 26, 2019. Tr. 68-113. At the hearing, Plaintiff made a motion to dismiss the claim for Title II benefits based on her disability insured status at the date of onset, which the ALJ granted. Tr 16. On April 11, 2019, the ALJ denied Plaintiff's Title XVI claim. Tr. 16-27.

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 10, 2017, the application date. Tr. 18. At step two, the ALJ found Plaintiff had the following severe impairments: generalized anxiety disorder, post-traumatic stress disorder, unspecified depressive disorder, and unspecified neurocognitive disorder. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. The ALJ then found Plaintiff had the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations: "she can have

only occasional interaction with the public; she needs a routine, predictable work environment with no more than occasional changes; she cannot do forced-pace or fast-paced work; and for any complex tasks, she would require written instructions." Tr. 20.

At step four, the ALJ found Plaintiff was not capable of performing past relevant work. Tr. 25. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform such as cleaner, housekeeping. Tr. 25-26. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from April 10, 2017 through March 11, 2019, the date of the ALJ's decision. Tr. 26-27.

On January 8, 2020, the Appeals Council denied review, Tr. 1-4, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated Plaintiff's symptom testimony; and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

2.  Whether the ALJ properly weighed the medical opinion evidence;

ECF No. 11 at 14.

## DISCUSSION

### A.  Plaintiff's Symptom Testimony

Plaintiff contends the ALJ failed to rely on clear and convincing reasons to discredit her symptom testimony.  ECF No. 11 at 14-16.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims).  "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c)(3).  The ALJ is instructed to "consider all of the evidence in an

individual's record," "to determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence.  Tr. 21.

### 1. Objective Medical Evidence

The ALJ found Plaintiff's symptom complaints inconsistent with the objective medical evidence in the record.  Tr. 21.  An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 856-857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).  Mental status examinations are objective measures of an individual's mental health.  *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

1    The ALJ detailed why Plaintiff's reported level of disabling symptoms

2    conflicted with the objective medical evidence.  First, the ALJ found the objective

3    medical evidence and clinical observations largely unremarkable.  Tr. 21-22 (citing

4    Tr. 436-437 (well-groomed appearance, good hygiene, appropriate motor activity,

5    good eye contact, appropriate mood, cooperative attitude, good impulse control,

6    limited insight, fair attention, goal-directed thought process, appropriate thought

7    content, no hallucinations, and no delusions), Tr. 518 (alert and cooperative,

8    normal mood and affect, and normal attention span and concentration), Tr. 544-

9    546 (appropriately attired, verbally spontaneous, friendly, pleasant, polite,

10   cooperative, compliant, positive mood, bright affect), Tr. 587-588 (hygiene within

11   normal limits, generally logical and progressive, cooperative, and seemingly open),

12   Tr. 622 (alert, cooperative, and appropriate affect)).  The ALJ found this record did

13   not support the level of limitation Plaintiff claimed due to depression, multiple

14   mental health issues, social anxiety, panic attacks, learning disability, mood

15   disorder, ADD, borderline personality disorder and bipolar disorder, agoraphobia,

16   and persistent hallucinations which allegedly limited her inability to lift, bend,

17   stand, reach, kneel, talk, hear, see, remember, complete tasks, understand, follow

18   instructions, use her hands, get along with others, leave the house, focus,

19   concentrate, and work with others.  Tr. 21 (citing Tr. 323-330, 331-342, 372-379,

20   380-387).  Second, the ALJ noted there were no observations of panic attacks,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

hypomanic behavior, or irritability in the record, which was inconsistent with

Plaintiff's allegations of frequent panic attacks, depressive and manic episodes,

and daily mood swings causing persistent anger and irritability.  Tr. 22.  The ALJ

reasonably concluded that this evidence was inconsistent with Plaintiff's

allegations of disabling mental health conditions.  Tr. 23.  This finding is supported

by substantial evidence.

Plaintiff argues that her claimed symptoms are fully supported by diagnoses

recorded by her counselors, treating physician, and examining psychologists.  ECF

No. 11 at 16.  Plaintiff argues that the medical providers "would have" had

opportunities to observe Plaintiff's alleged symptoms.  ECF No. 11 at 15.  In her

reply, Plaintiff cites to one specific instance from September 18, 2013 where Dr.

Charles Haigh, MD observed Plaintiff experiencing increasing depression, had

trouble speaking, her mouth was drooping, and she had weakness on her left side

with twitching, and had difficulty walking.  ECF No. 13 at 4 (citing Tr. 494)  It is

the ALJ's responsibility to resolve conflicts in the medical evidence.  *Andrews v.*

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Plaintiff's cited evidence does not

overturn the ALJ's rational interpretation of the remaining evidence in the record.

*Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational

interpretation, it is the ALJ's conclusion that must be upheld.").

1    In her opening brief, Plaintiff also appears to argue that the ALJ solely

2  discredited Plaintiff's alleged symptoms on the basis of the medical expert's

3  testimony.  ECF No. 11 at 15.  To the contrary, the ALJ discounted Plaintiff's

4  alleged symptoms for other reasons, including Plaintiff's course of treatment, daily

5  activities, medical opinion evidence, and work history and motivation.  Tr. 21-23;

6  *see Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (upholding the ALJ

7  where "the ALJ here considered other factors and found additional reasons for

8  discrediting Plaintiff's subjective symptom testimony.").

9    *2.  Course of Treatment*

10    The ALJ found Plaintiff's alleged symptoms inconsistent with her course of

11  treatment.  Tr. 22.  The claimant's course of treatment is a relevant factor in

12  determining the severity of alleged symptoms.  20 C.F.R. § 416.929(c)(3).  The

13  unexplained or inadequately explained failure to seek treatment or follow a

14  prescribed course of treatment may serve as a basis to discount a claimant's alleged

15  symptoms.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

16    Here, the ALJ found that Plaintiff's course of treatment inconsistent with

17  her disability allegations.  Tr. 22.  In June 2017, Children's Home Society ("CHS")

18  discharged Plaintiff after Plaintiff completed several short-term goals, made

19  significant progress in her ability to complete daily functioning without

20  intervention services, and no longer met medical necessity.  Tr. 538-539.  At

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

discharge, Plaintiff reported "everything is pretty much the same, you have really helped me a lot even though I am not on medication I think I do pretty good most of the time."  Tr. 539.  At the hearing, Plaintiff told the ALJ that she left CHS because she required a higher level of care, no Medicaid providers within her comfort range existed, and she did not like other providers or find them helpful. Tr. 89-91.  The ALJ noted that where Plaintiff "claimed she discontinued with Children's Home Society in 2017 because she needed a higher level of care, but the record shows that, instead of a higher level of care, she got virtually no care for the next year … obviously some care would have been better than no care for someone who was as symptomatic as [Plaintiff] alleges she was."  Tr. 22 (citing Tr. 590- 618 (records of sporadic treatment in 2018)).

The ALJ reasonably concluded that Plaintiff's failure to receive treatment after discharge where she claimed she needed a higher level of care was inconsistent with the severity of symptoms Plaintiff alleged.  This unchallenged finding is supported by substantial evidence.

### 3.  Daily Activities

The ALJ found that Plaintiff's alleged symptoms were inconsistent with her daily activities.  Tr. 23.  The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

exertional or non-exertional functions, the ALJ may find these activities

inconsistent with the reported disabling symptoms.  *Fair v. Bowen*, 885 F.2d 597,

603 (9th Cir. 1989); *Molina*, 674 F.3d at 1113.  "While a claimant need not

vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a

claimant's testimony when the claimant reports participation in everyday activities

indicating capacities that are transferable to a work setting" or when activities

"contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1112-

13 (internal citation and quotation marks omitted).

Here, the ALJ found that Plaintiff had high-functioning activities of daily

living that are inconsistent with the extreme limitations she alleged.  Tr. 23.  For

example, Plaintiff cares for her children, one of whom has a disability, along with

several pets, as well as vacuums, does laundry, cleans the house, cooks fresh

meals, rides the bus, shops in stores, and gardens.  *See* Tr. 331-341, 524, 547-548,

585, 621.  The ALJ also found that while Plaintiff alleges she is essentially

housebound unless accompanied out, has frequent panic attacks away from home,

and is very irritable and completely unable to get along with others, Plaintiff is able

to attend her children's school functions, is able to take the bus by herself, and in

May 2017 stated she "went to the company BBQ and spent time with the work

families and I really did okay.  I felt really comfortable."  *Compare* Tr. 331-341,

541, 93-102 *with* Tr. 524, 535, 544.  The ALJ found her activities wholly

inconsistent with her claims of extreme paranoia, panic attacks, agoraphobia, and other claimed social limitations.  Tr. 535.

The ALJ reasonably concluded that these activities contradicted Plaintiff's claims of totally debilitating impairments.  This finding is supported by substantial evidence.  While a different interpretation could be made as to whether these activities are consistent with Plaintiff's ability to sustain fulltime work, the ALJ articulated several other supported grounds for discounting Plaintiff's reported symptoms.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1163 (9th Cir. 2008).

### *4. Medical Opinion Evidence*

The ALJ found that Plaintiff's alleged symptoms inconsistent with the medical expert's testimony.  Tr. 22.  The ALJ may discount a claimant's statements if the claimant's subjective testimony is contradicted by medical opinion evidence.  *See Carmickle*, 533 F.3d at 1161.

Here, the ALJ noted reliance on the opinion of Dr. Nicole Martinez, Psy.D., a board-certified clinical psychologist who testified at the hearing as an impartial psychological medical expert.  Tr. 22 (hearing testimony at Tr. 68-113).   Dr. Martinez was present at the hearing by telephone and reviewed all the medical exhibits of record before testifying.  *Id.*  Dr. Martinez stated that Plaintiff suffered from severe mental impairments of generalized anxiety disorder, PTSD, unspecified depressive disorder, and unspecified neurocognitive disorder.  *Id.*  Dr.

Martinez noted that testing showed mild cognitive difficulties and Plaintiff has

alluded to panic attacks as impairing her ability to understand and remember.  *Id.*

However, Dr. Martinez noted that Plaintiff has not sought treatment consistent with

her alleged issues, takes no medication, and the record documents no more than

moderate limitations.  *Id.*  While Plaintiff described extreme symptoms, Dr.

Martinez cited a lack of corroborating treatment evidence.  *Compare* Tr. 93, 96-

101 *with* Tr. 80-81.  Additionally, while Plaintiff claimed she could rarely leave

her house, Dr. Martinez found that she could tolerate occasional interactions with

the public based on the lack of panic disorder diagnosis or lack of sufficient

evidence to show consistent panic attacks.  *Compare* Tr. 96 *with* Tr. 82-83.

The ALJ reasonably concluded that the medical expert testimony

contradicted Plaintiff's claims of totally debilitating impairments.  Therefore, this

finding is supported by substantial evidence.

### 5.  *Work History*

The ALJ found that Plaintiff has a weak work history and poor work

motivation.  Tr. 23.  Evidence of a poor work history that suggests a claimant is not

motivated to work is a permissible reason to discredit a claimant's testimony that

she is unable to work.  *Thomas*, 278 F.3d at 959; 20 C.F.R. § 416.929(c)(3).  When

considering a claimant's contention that she cannot work because of her

impairments, it is appropriate to consider whether the claimant has not worked for

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

reasons unrelated to her alleged disability. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (sufficient reasons for disregarding subjective testimony included stopping work for nonmedical reasons).

Here, the ALJ noted that Plaintiff has a weak work history and her statements to providers suggests that her ongoing unemployment is likely something of longer standing duration than current medical impairments. Tr. 23. The ALJ cited Plaintiff's statements to providers; for example, in 2013 the provider noted "[Plaintiff] feels she can't work – partly from pain, partly because she has worked since she was 12, and feels she is done working. She doesn't need to anymore." Tr. 443; *see also* Tr. 548. Therefore, this unchallenged finding is supported by substantial evidence.

The ALJ's conclusion based on several findings that Plaintiff's subjective symptom testimony conflicted with the evidence was clear, convincing, and properly supported by substantial evidence.

**B. Medical Evidence**

Plaintiff argues that the ALJ improperly rejected the opinions of Charles

Haigh, MD, William H. Jackline, EdD,[1] John Arnold, PhD, and Desiree Gordon, MS, MHP, CMHS.  ECF No. 11 at 17-18.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  20 C.F.R. § 416.920c(c); *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff filed her Title XVI claim after March 27, 2017.  *See* Tr. 18-24.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight … to any medical opinion(s)."  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867-68.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a)-(b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to

---

[1]    Plaintiff mistakenly referred to Dr. Jackline as Dr. John Severinghaus, PhD throughout her opening brief.  ECF No. 13 at 3.

"evidence showing a medical source has familiarity with the other evidence in the

claim or an understanding of our disability program's policies and evidentiary

requirements."  20 C.F.R. § 416.920c(c)(1)-(5).

The ALJ is required to explain how the most important factors,

supportability and consistency, were considered.  20 C.F.R. § 416.920c(b)(2).

These factors are explained as follows:

> (1) *Supportability.*  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency*.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).

The ALJ may, but is not required to, explain how "the other most persuasive

factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R.

§ 416.920c(c)(b)(2).  However, where two or more medical opinions or prior

administrative findings "about the same issue are both equally well-supported …

and consistent with the record … but are not exactly the same," the ALJ is required

to explain how "the most persuasive factors" were considered.  20 C.F.R.

§ 416.920c(c)(b)(2).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

1    The parties dispute whether Ninth Circuit law that predates that new

2    regulations apply.  ECF No. 12 at 10; ECF No. 13 at 9.  The Ninth Circuit

3    currently requires the ALJ to provide "clear and convincing" reasons for rejecting

4    the uncontradicted opinion of either a treating or examining physician.  *Lester v.*

5    *Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  When a treating or examining

6    physician's opinion is contradicted, the Ninth Circuit held the medical opinion can

7    only "be rejected for specific and legitimate reasons that are supported by

8    substantial evidence in the record."  *Id.* at 830-31 (internal citation omitted).

9    At this time, the Ninth Circuit has not addressed whether these standards still

10    apply when analyzing medical opinions under the new regulations.  For purposes

11    of the present case, the Court finds that resolution of this issue is unnecessary.  *See*

12    *Allen T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June

13    29, 2020) (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*,

14    545 U.S. 967, 981-82 (2005) ("[T]he Court is mindful that it must defer to the new

15    regulations, even where they conflict with prior judicial precedent, unless the prior

16    judicial construction 'follows from unambiguous terms of the statute and thus

17    leaves no room for agency discretion.'")).

18    *1.  Dr. Nicole Martinez, Psy.D.*

19    The ALJ found Dr. Martinez's opinion persuasive on the basis that it was

20    well supported and consistent with the other evidence in the record.  Tr. 23.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

1       Regarding supportability, the ALJ noted Dr. Martinez reviewed the entire

2   medical record, gave reasonable explanations, was available for questioning at the

3   hearing, and the evidence she relied upon fully supported her conclusions.  Tr. 23.

4   Dr. Martinez's opinion was based on the submitted treatment records and cited

5   gaps in treatment.  Tr. 79-82.

6       Regarding consistency, the ALJ found that the opinion was consistent with

7   and supported by the unremarkable objective medical evidence, clinical

8   observations (Tr. 432-440, 538-539, 540-552, 583-589, 590-618, 619-626), and

9   Plaintiff's daily activities.  Tr. 23.  The lack of treatment notes prevented Dr.

10  Martinez from finding sufficient evidence to support that certain symptoms, such

11  as panic attacks, occurred on a regular and consistent basis.  Tr. 82.

12      Regarding an additional factor, the ALJ found that Dr. Martinez's

13  specialized expertise and SSA program knowledge added to the overall

14  persuasiveness of the opinion.  Tr. 23.  The ALJ's finding the Dr. Martinez's

15  opinion is persuasive is supported by substantial evidence.

16      *2.   Kent Reade, PhD, and Michael Regets, PhD*

17      The ALJ found the opinions of the DDS Psychologists to be less persuasive.

18  Tr. 24.  As an initial matter, Plaintiff failed to challenge this finding, thus any

19  challenge is waived, and the Court may decline to review it.  *See Carmickle*, 533

20  F.3d at 1161, n. 2.  However, the Court finds that the ALJ did not err.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

Regarding supportability, the ALJ found that Dr. Martinez had a more complete record to review, and gave a more complete and persuasive explanation, as discussed *supra.* Tr. 24. Regarding consistency, the ALJ discounted the opinions because the determination that Plaintiff was limited to 1-2 step tasks was not consistent with the record where the Plaintiff completed 3 step tasks during her psychological evaluation and demonstrated normal concentration, attention, and memory during the DSHS psychological evaluation. Tr. 24. *Compare* Tr. 127-138, 151-164 *with* Tr. 544-546, 587-588. The ALJ's finding that the DDS psychologists' opinions are less persuasive is supported by substantial evidence.

### 3. Dr. John F. Arnold, Ed.D.

The ALJ found Dr. Arnold's opinion unpersuasive because it lacked supportability and consistency with the evidence. Tr. 24.

Regarding supportability, the ALJ found that Dr. Arnold conducted a cursory one-time examination in a secondary gain context where he filled out a checkbox form with no explanation. Tr. 24. This is consistent with Ninth Circuit law that a medical opinion may be rejected by the ALJ if it is brief, conclusory, or inadequately supported. *Bray v. Comm'r of Soc. Sec. Admin*, 554 F.3d at 1219, 1228.

Regarding consistency, the ALJ found Dr. Arnold's opinion internally inconsistent with his own mental status examination that was "almost entirely

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

unremarkable" in showing that Plaintiff was cooperative with normal hygiene and attire, normal speech, normal thought process and content, normal orientation and perception, normal memory, normal fund of knowledge, normal concentration, and normal insight and judgment. Tr. 24 (citing Tr. 587-588). Additionally, the ALJ found Dr. Arnold's opinion inconsistent with the largely unremarkable objective findings, Plaintiff's course of treatment, and Plaintiff's admitted ability to care for her two children, cook, clean, shop, and take the bus. Tr. 24 (citing Tr. 432-440, 538-539, 540-552, 590-618, 619-626). This is consistent with Ninth Circuit law that an ALJ may reject opinions that are internally inconsistent. *Rollins*, 261 F.3d at 856 (upholding the ALJ's rejection of a doctor's opinion because it was internally inconsistent). The ALJ's finding that Dr. Arnold's opinion is unpersuasive is supported by substantial evidence.

### 4. Dr. Charles Haigh, M.D. and Desiree Gordon, CMHS

The ALJ found that the opinions from Dr. Haigh and mental health counselor Gordon were unpersuasive because they were "DSHS WorkFirst" form opinions unaccompanied by meaningful explanation or citations to objective evidence. Tr. 24. *See Bray*, 554 F.3d at 1228 (ALJ may reject if opinion is conclusory or inadequately supported).

Regarding supportability, the ALJ was not persuaded by these opinions because they provided no meaningful explanation or citation to objective evidence.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24

Tr. 24 (citing Tr. 448-450, 560-582).  In contrast, the ALJ was more persuaded by Dr. Martinez's opinion in terms of supportability because Dr. Martinez reviewed the entire record during the period at issue and gave a detailed and persuasive explanation of her opinion.  Tr. 24.  Regarding consistency, the ALJ found that Dr. Martinez's opinion was more consistent with the record as a whole as discussed *supra*.  Tr. 24.

As an additional factor, the ALJ noted that these opinions were outside of the relevant period of Plaintiff's disability.  Tr. 24.  The ALJ may consider any other factor that tends to support or contradict a medical opinion.  20 C.F.R. § 416.920c(c)(5).  Under Ninth Circuit law, opinions that predate the adjudicative period are of limited relevance.  *Carmickle*, 533 F.3d at 1165.  The records from Dr. Charles Haigh were created between December 4, 2012, to February 2, 2015.  Tr. 441.  The records from Ms. Gordon were created between February 19, 2014, to January 10, 2017.  Tr. 560-582.

Here, Plaintiff argues that the ALJ did not give sufficient reasons to reject these opinions.  ECF No. 11 at 7.  The ALJ found that the opinions, as forms without explanation or citation, were less supported, consistent, and outside of the relevant period of disability.  Tr. 24.  The ALJ's finding that Dr. Haigh and Ms. Gordon's opinions are unpersuasive is supported by substantial evidence.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (**ECF No. 12**) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (**ECF No. 13**) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED January 20, 2021.



THOMAS O. RICE
United States District Judge